DANIEL D. STEVENS SB#159281
THOMAS P. FRIEDMAN SB#205407*
(*Admitted to Central District,
Bankruptcy Application Pending)
STEPHEN R. GOLDEN AND ASSOCIATES
224 N. FAIR OAKS AVE., 3RD FL.
PASADENA, CA 91103
TEL: (626) 584-7800
FAX: (626) 568-3529
Bkmail@stephenrgolden.com

Attorney for Debtor

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA – CENTRAL DIVISION

| | |
|---|---|
| In re<br><br>NIKO BLACK,<br><br>            Debtor, | Case No.: 8:12-bk-16346<br><br>Chapter 7<br><br>**EX PARTE EMERGENCY MOTION TO RESTORE DEBTOR TO POSSESSION OF REAL PROPERTY [L.B.R. 9075-1(a)];**<br><br>**DECLARATIONS OF NIKO BLACK**<br><br>Date:      TBD<br>Time:      TBD<br>Courtroom: 5B |

  PLEASE TAKE NOTICE AND NOTICE IS HEREBY GIVEN that the Debtor moves this court on an Ex Parte emergency basis for an order directing Wells Fargo Bank and the Orange County Sheriff's Department to immediately restore Debtor to possession of real property located at 9581 Shannon Ave., Garden Grove, California, 92841. The Debtor was

1

EX PARTE EMERGENCY MOTION TO RESTORE DEBTOR
TO POSSESSION OF REAL PROPERTY [L.B.R. 9075-1(a)]

wrongfully locked out by Orange County Sheriff's Department, in coordination with Counsel for Wells Fargo, on October 10, 2012, despite the automatic stay that arose upon the filing of the Debtor's bankruptcy petition on May 21, 2012, and actual knowledge of this Court's Order Denying Relief From Stay, dated August 29, 2012.

Debtor seeks this emergency relief pursuant to 11 U.S.C Section 105, 362 and L.B.R.9075-1(a), and moves the Court based on this Notice of Motion and Motion, the Motion to Shorten Time, and such other matters as the Court deems appropriate.

## INTRODUCTION

This Motion for Possession seeks one simple remedy – that the property at issue be placed back in the possession of Ms. Black, after she was wrongfully evicted on October 10, 2012. She is entitled to this relief, among other reasons, because (i) Wells Fargo never had a valid Judgment upon which to evict her (as a matter of *Federal law*); (ii) this Court's Order, dated August 29, 2012, prohibited the eviction, and the Court should compel compliance with its Order, which is, to this day, being violated; (iii) the Automatic Stay was in place and barred the eviction, and the Court should compel compliance with the Automatic Stay.

Via *this* Motion, Debtor is not seeking sanctions for any Contempt that may be found by the Court in connection with the scheduled hearing on November 13, 2012. Rather, for the reasons set forth above, Ms. Black has a lawful right to possess the property. This Court has an equitable interest in vindicating its authority as well as the Supremacy of the Bankruptcy Code over state law, and finally, because Ms. Black is struggling with terminal cancer, and has medical equipment that is too large and cumbersome to remove from the property, and therefore cannot receive proper care during this final period of her terminal illness.

For all these reasons, the Debtor respectfully requests that the Court grant this Motion for Repossession and adopt the Findings of Fact and Conclusions of Law submitted with the Proposed Order for Relief.

## FACTUAL AND PROCEDURAL BACKGROUND

1. On May 21, 2012, the Debtor, Niko Black, filed a Chapter 7 Bankruptcy Petition in *pro se*. (**Docket No. 1**) (**Docket attached hereto as Ex. A**).

2. This Motion is brought on an expedited basis, in part, because Ms. Black suffers from a rare form of cancer, called Phyllodes, which has metastasized throughout much of her body. She has undergone at least 5 surgeries since being diagnosed in 2004. She is in the final stage of this form of cancer. She is disabled and terminally ill. She has medical equipment in the Property required for her treatment that is too large and cumbersome to remove. (**See Declaration of N. Black, attached hereto as Ex. F**)[1].

3. On May 23, 2012, Wells Fargo obtained a purported Judgment in an Unlawful Detainer Action to evict the Debtor from the property at issue, 9581 Shannon Ave., Garden Grove, CA 92841 (the "Property"). (**Docket 11 at 44 & Ex. B hereto at 44**) This act was committed only two days into the Proceeding and its validity was subject to, among other things, the existence of the Automatic Stay (11. U.S.C. § 362(a).)

4. On June 14, 2012, Wells Fargo Bank, N.A. ("Wells Fargo"), as a Creditor claiming an interest in the Property, filed a 44-page Motion, using Standard Form "F 4001-1M," entitled "Motion For Relief From The Automatic Stay Or For Order Confirming That The Automatic Stay Does Not Apply Under 11 U.S.C. 362(l). ("The Motion For Relief Or Confirmation That Stay Does Not Apply) (**See Docket No. 11 & Ex. B hereto**).

5. On June 14, 2012, Wells Fargo's Motion For Relief From Stay or Confirmation That Stay Does Not Apply was set for Hearing on July 17, 2012 (**See Text -- Docket No. 12**).

6. Wells Fargo's Motion for Relief From Stay or For Order Confirming That The Automatic Stay Does Not Apply requested many forms of relief (**see Response re Sanctions at 6, lines 16-20, outlining the Relief Sought and therefore Denied by Court Order dated 8/29/12**), among them:

   a. An Order terminating the Automatic Stay (**See generally, Ex. B & p. 1**);

---

[1] To the extent the Court seeks additional information regarding Ms. Black's illness, or its severity, we would request leave to file any such information under seal.

3

EX PARTE EMERGENCY MOTION TO RESTORE DEBTOR
TO POSSESSION OF REAL PROPERTY [L.B.R. 9075-1(a)]

    b.   An Order Stating That The Debtor Filed In Bad Faith and, Pursuant to 11. U.S.C. § 362(c), Terminating the Automatic Stay (**See Ex. B at 3-4**);

    c.   An Order Annulling the Automatic Stay to Enforce a Judgment in the Unlawful Detainer Action Obtained During the Automatic Stay, based alleged lack of knowledge of the Automatic Stay. (**See Ex. B at 8-9**).

7.   On July 10, 2012, the Debtor submitted an "Emergency Petition To See Available Judge Before July 15, 2012 -- Cancer Patient Being Evicted Illegally" (*see* **Docket No. 15, Ex. C**) and appended, as page 4 of 4, a Statement, dated July 2, 102, from her attending physician, Shelly Heidelbaugh, M.D. in which Dr. Heidelbaugh represented to the Court that:

> This patient (Niko Black) suffers from multiple serve medical problems. With those disabilities, it would be detrimental to her health to have to move her residence.

(*See* **Docket No. 15**).

8.   On July 11, 2012, the Court issued an Order (**Docket No. 17, Exhibit D**) denying the Debtor's Emergency Petition To See Available Judge Before July 15, 2012 -- Cancer Patient Being Evicted Illegally, reasoning that:

> There is no cause shown for emergency or shortening time since by applicant's own admission, the bank cannot proceed until first obtaining relief from stay… [.]

9.   Based on the July 11, 2012 Order, among other reasons, Wells Fargo was on notice that the Court believed that the Stay was in place, and, in fact, was ruling on Motions in reliance on its finding that the Automatic Stay was in place. Wells Fargo may not argue that the Automatic Stay had terminated two weeks before the July 11, 2012 Order. Given the representations made to Debtor by the Court, Wells Fargo was obligated to obtain Confirmation that the Automatic Stay Did Not Apply before proceeding against the debtor or the estate.

10.     On July 17, 2012, both the Debtor and Wells Fargo appeared before this Court for the hearing on the Motion For Relief or Confirmation That The Stay Does Not Apply (**See Docket Text, 7/17/12**).[2]

11.     Ms. Black "appeared to be in acute distress due to her medical condition" during the Hearing on July 17, 2012. (**See Wells Fargo's Response re Sanctions at 6, lines 26-27**). The Court issued a Tentative Order for the July 17, 2012 Hearing. The Court did not adopt that Tentative Order at any time during this action. (**See generally "The Docket" & Docket No. 20, *Actual* Court Order entered relating to hearings on July 17, and July 31, 2012, attached hereto as Exhibit E**). A Tentative Order has no legal effect.

12.     During this Initial Hearing, the Court, with Wells Fargo's consent, ordered a two-week continuance. Both Debtor and Wells Fargo waived Notice to Appear at the July 31, 2012 during the hearing held on July 17, 2012. (**See Text of Docket, 7/17/12 & Docket No. 20, referencing continuance**).

13.     On July 31, 2012, Wells Fargo failed to appear for the scheduled hearing on its Motion to Dismiss For Relief or Confirmation That Stay Does Not Apply. (**See Docket No. 20,** Order Denying Motion and Finding That Wells Fargo Failed to Appear).

14.     On July 31, 2012, the Court denied the Motion to Dismiss For Relief or Confirmation That Stay Does Not Apply on July 31, 2012. (See **Docket Text, 7/31/12**).

---

[2] Debtor respectfully requests that the Tentative Order be considered, and admitted as relevant evidence, for the sole and exclusive purpose of proving the various forms of relief that the Court *did not* grant in its final Order, dated August 29, 2012. In connection therewith, the Debtor will request, if necessary, that the Court strike any and all references to the Court's Tentative Order used for any other purpose in Wells Fargo's Response to Sanctions, or elsewhere (*See, e.g.,* Wells Fargo's Response re Sanctions at 7, lines 1-8 & 9-21).

5

**EX PARTE EMERGENCY MOTION TO RESTORE DEBTOR
TO POSSESSION OF REAL PROPERTY [L.B.R. 9075-1(a)]**

15. The ruling was placed in a written Order, dated August 29, 2012, entitled "ORDER DENYING MOTION FOR RELIEF FROM AUTOMATIC STAY (UNLAWFUL DETAINER) FOR FAILURE TO PROSECUTE." That Order, (**Docket No. 20**) states in full:

> A continued hearing on Wells Fargo Bank's Motion for Relief from the Automatic Stay (Unlawful Detainer) ("The Motion") was held at the above date [July 31, 2012] and time [10:30 a.m.]. No appearance was made by Movant. Therefore, it is hereby ordered that the Motion is denied for failure to prosecute.

16. The Order Denying the Motion for Relief From Stay or Confirmation That The Stay Does Not Apply is dated August 29, 2012 (**See Docket No. 20**).

17. On August 29, 2012, the Clerk entered the Court's Order Denying the Motion for Relief From Stay or Confirmation That The Stay Does Not Apply, as Docket No. 20, in this matter. (**See Docket No. 20, 8/29/12**)

18. On about October 10, 2012, counsel for Wells Fargo and Counsel for Orange County conferred regarding Wells Fargo's request that the Orange County's Sheriff's Department assist in "Locking Out" Ms. Black. (**See Ex. F, Email from J. Burris, Counsel for Wells Fargo, to T. Friedman of Stephen R. Golden & Associates, dated 10/24/12 at 2 & Wells Fargo's Response re Sanctions, at 3, lines 13-16.**)

19. The Judgment in the Unlawful Detainer Action was Obtained on May 23, 2012. Wells Fargo's Motion for Relief From Stay or Confirmation That The Stay Does Not Apply seeks annulment of the Stay to enforce that Judgment. (**See Docket No. 11 at 8-9**). The Court denied Wells Fargo's Motion for Relief From Stay or Confirmation That The Stay Does Not Apply in full on August 29, 2012. (**See Docket No. 20**). The Court denied Wells Fargo's request to annul the Stay for purposes of enforcing the Judgment. (**See Docket No. 11 and Order thereon, Docket No. 20.**). The Order denied Relief from the Automatic Stay. (*Id.*)

20. The Orange County Sheriff's Department had been notified and has acknowledged that it knew specifically of the existence of this Court's Order, dated August 29, 2012. (**See Response re Sanction by O.C. Sheriff's Dep't at 3**) (Sheriff began eviction on September 19, 2012, but retreated when Ms. Black revealed the Court Order on site).

21.   On October 10, 2012, in coordination, and after consultation, with counsel for Wells Fargo, the Orange County Sheriff's Department, with knowledge of this bankruptcy proceeding, physically removed Ms. Black from the Property. (**See Response re Sanction by O.C. Sheriff's Dep't at 5-6**).

22.   On October 12, 2012 the Debtor, who remained in pro per, filed a "Motion to Uphold Enforcement of [this Court's] Order Denying Motion For Relief From Automatic Stay For Failure To Prosecute." (**See Docket No. 25**).

23.   On October 18, 2012, the Court issued an "Order to Show Cause Why Sanctions Should Not be Imposed for Violation of the Automatic Stay," (**See Docket No. 26**). The Court states in its Order re OSC that "[i]t Appears to the court that there may have been a violation of the stay in that the court in its Order Denying Motion For Relief From Automatic Stay (Unlawful Detainer) entered August 29, 2012, denied Wells Fargo relief from stay, yet reportedly the Sheriff on behalf of Wells Fargo proceeded with the eviction notwithstanding the order." (**See Docket No. 26 at 1-2**).

## ARGUMENT

I.   **DEBTOR IS ENTITLED TO POSSESSION OF THE PROPERTY BECAUSE WELLS FARGO ACTED ON A VOID JUDGMENT**

A.   <u>The Automatic Stay Remains In Place Today, But, Even If, *Arguendo*, It Terminated After 30 Days, The Stay Still Voids the Judgment in the Unlawful Detainer Action</u>

Pursuant to 11 U.S.C. § 362, the Debtor is entitled to *no less* than a 30-day Automatic Stay. Any act taken against the Debtor or the Debtor's Estate during the initial 30 days is void, absent leave of Court confirming the act, regardless of any bad faith argument.

The Debtor filed the Chapter 7 Petition in this matter on May 21, 2012. On May 23, 2012, Wells Fargo obtained a purported Judgment in an Unlawful Detainer Action to evict the Debtor from the "Property"). (Docket 11 at 44 & Ex. B hereto at 44) (Docket attached hereto as Ex. A). This act was committed only two days into the Proceeding and its validity is subject to, among other things, the existence of the Automatic Stay (11. U.S.C. § 362(a).).

Pursuant to 11 U.S.C. § 362(a), the Judgment (dated May 23, 2012) obtained against the Debtor during the Automatic Stay is void. Collier on Bankruptcy, Ch. 362, Automatic Stay, Sec. 2-362, P. 262.2 (2012) ("The stay is effective automatically and immediately upon filing of a bankruptcy petition[.] Formal service of process is not required, and no particular notice need be given. . . In general, actions taken in violation of the stay will be void, or voidable, even where there was no actual notice.")

B. <u>Debtor Is Entitled To Possession Because, at No Time During this Proceeding, Did Wells Fargo Have a Valid Judgment Upon Which to Execute Against Debtor or Her Property.</u>

Debtor is entitled to possession, *regardless of any other argument*, because Wells Fargo took action against the Debtor in the first 30 days from the filing of the Petition. Wells Fargo acknowledged that the Judgment was obtained during the Stay by seeking an annulment of the Stay on page 9, paragraph 12, in its Motion for Relief From Stay or Confirmation that Stay Does Not Apply. The Court denied the Motion, and no annulment issued. (Docket No. 20). Wells Fargo has not and cannot argue that its actions during the 30 Day period following the filing of the Petition were permissible at that time, absent action by this Court. The Judgment, and the tainted Writ obtained as a result of the void Judgment were unenforceable as a matter of Federal Law. 11 U.S.C. § 362; see also *In re: Butler*, 271 B.R. 867, 875-77 (C.D. Cal. 2002).

In *In re Butler*, the Court assessed the validity of a portion of the California Code of Civil Procedure, in light of the Supremacy Clause of the United States Constitution, which provides:

> This Constitution, and the Laws of the United States which shall be made in Pursuance thereof; and all Treaties made, or which shall be made, under the Authority of the United States, shall be the supreme Law of the Land; and the Judges in every State shall be bound thereby, any Thing in the Constitution or Laws of any State to the Contrary notwithstanding.

U.S. Const. Art. VI, cl. 2. The Court reasoned that "the Supremacy Clause invalidates state law to the extent it is inconsistent or interferes with federal law." The Court concluded that any

state law, whether in the Civil Code, or Code Civil Procedure "that operates explicitly in contravention of the automatic stay provided for in § 362(a) is therefore unconstitutional." (*Id.*)

As a result, Debtor is entitled to possession of her property pursuant to Section 362(a), absent lawful action taken by a creditor to dispossess her of it. No such lawful action has been taken.

## II. DEBTOR IS ENTITLED TO POSSESSION OF THE PROPERTY BECAUSE WELLS FARGO AND THE ORANGE COUNTY SHERIFF'S DEPARTMENT WERE SUBJECT TO BOTH A COURT ORDER AND THE AUTOMATIC STAY PROHIBITING EVICTION

A. <u>Wells Fargo and the Orange County Sheriff's Department Are in Continuing Contempt of this Court's Order, Dated August 29, 2012, and The Court Should Compel Compliance by Returning Possession of the Property To the Debtor</u>

As shown above, a Stay was in place when Wells Fargo noticed its Motion for Relief on June 14, 2012. On July 11, 2012, the Court issued an Order denying the Debtor's Emergency Petition To See Available Judge Before July 15, 2012 -- Cancer Patient Being Evicted Illegally, reasoning that: "There is no cause shown for emergency or shortening time since by applicant's own admission, <u>the bank cannot proceed until first obtaining relief from stay</u>… [.]" (Docket No. 17) (emphasis added). The Court denied Wells Fargo's Motion for Relief on August 29, 2012. (Docket No. 20). Yet, Wells Fargo and the Orange County Sheriff's Department respond that, the Court's Orders were moot (a legal nullity), because they can cite to a law that differs.

The ruling on Wells Fargo's Motion was placed in a written Order, dated August 29, 2012, entitled "ORDER DENYING MOTION FOR RELIEF FROM AUTOMATIC STAY (UNLAWFUL DETAINER) FOR FAILURE TO PROSECUTE." That Order, (Docket No. 20) states in full:

A continued hearing on Wells Fargo Bank's Motion for Relief from the Automatic Stay (Unlawful Detainer) ("The Motion") was held at the above date [July 31, 2012] and time [10:30 a.m.]. No appearance was made by Movant.

Therefore, it is hereby ordered that the Motion is denied for failure to prosecute.

9

EX PARTE EMERGENCY MOTION TO RESTORE DEBTOR
TO POSSESSION OF REAL PROPERTY [L.B.R. 9075-1(a)]

The Order Denying the Motion for Relief From Stay or Confirmation That The Stay Does Not Apply is dated August 29, 2012 (See Docket No. 20). On August 29, 2012, the Clerk entered the Court's Order Denying the Motion for Relief From Stay or Confirmation That The Stay Does Not Apply, as Docket No. 20, in this matter. (See Docket No. 20, 8/29/12)

Rather than seek clarification from this Court, Wells Fargo and the Orange County Sheriff's Department opted to make their own independent judgment about the Stay – a judgment that directly conflicts with the Court's rulings over many months (From July 11, 2012 to August 29, 2012). The eviction was unlawful and violated the Court's Order denying the relief that Wells Fargo then took for itself. This conduct should not be tolerated. The initial step is to right the wrong. Debtor does not argue for sanctions at this juncture; subject to the Court's discretion, it is for another day for the Court to determine whether any Sanctions are appropriate. But, Debtor does seek repossession of her property, so she can live, as best she can, with her illness and disabilities, until ordered by a Court of competent jurisdiction to leave, if that ever occurs, or until she loses her long-standing battle with terminal cancer.

To vindicate its authority, among other reasons, the Court should compel compliance with its own Order and demand that possession revert back to Ms. Black.

B. <u>Wells Fargo and the Orange County Sheriff's Department Are in Continuing Violation of The Automatic Stay</u>

An Automatic Stay, pursuant to 11 U.S.C. § 362, arose as a matter of law upon the filing of the Petition in this matter, May 21, 2012, prohibiting the eviction or lock out of Ms. Black from the Property by any person or entity. Wells Fargo filed a Motion For Relief From the Automatic Stay, and that Motion was denied in a written Order of this Court, dated August 29, 2012. Wells Fargo's Motion for Relief From Stay or For Order Confirming That The Automatic Stay Does Not Apply requested many forms of relief (see Response re Sanctions at 6, lines 16-20, outlining the Relief Sought and therefore Denied by Court Order dated 8/29/12), among them:

a.  An Order terminating the Automatic Stay (See generally, Ex. B & p. 1);

b.  An Order Sating That the Debtor Filed In Bad Faith and, Pursuant to 11. U.S.C. § 362(c), Terminating the Automatic Stay (See Ex. B at 3-4)

c.  An Order Annulling the Automatic Stay to Enforce a Judgment in the Unlawful Detainer Action Obtained During the Automatic Stay, based alleged lack of knowledge of the Automatic Stay. (See Ex. B at 8-9)

Wells Fargo abandoned its Motion For Relief, and the arguments made therein, by failing to appear. The Stay was, therefore, still in effect on October 10, 2012, and the eviction violated the Stay. As a result, possession of the property should revert to Ms. Black.

## III.  WELLS FARGO'S ADDITIONAL EXCUSES ALSO LACK MERIT

A. <u>The Debtor's Second Bankruptcy Filing Does Not Vitiate the Stay</u>

1. <u>The Stay Protecting The "Estate" Has Been, and Still Is, In Place</u>

As discussed in Section 2, below, Ms. Black did not file either Bankruptcy Proceeding in bad faith. But, Wells Fargo's reasoning for violating the stay lacks merit regardless of the merits of this assertion.

As recently as 2007, a question of interpretation had arisen as to whether the termination of the automatic stay pursuant to the provisions of § 362(c)(3), after the expiration of the 30-day Stay, affects" property of the estate" or merely "the debtor" and "property of the debtor." With one or two exception, **all courts that have considered the question have held that § 362(c)(3) does not affect "property of the estate" and thus the stay remains in effect as to such property notwithstanding the expiration of the 30-day period.** *In re Jones*, 339 B.R. 360, 364 (Dist. N. Dak., 2006) (responding to Motion for Declaratory Relief regarding Section 362(c)(3)(B)) (issuing Order entitled "Order Interpreting 11. U.S.C. § 362(c)((3)(A) and Extending Stay Pursuant to 11 U.S.C. 362((c)(3)(b))  (stating: "Today's question is one that was identified but not decided in Paschal: When the automatic stay is terminated under § 362(c)(3)(A) as to "an action taken," to what extent is the stay terminated? Is the stay terminated only as to "actions taken" against the debtor? Or, is the termination broader and applicable to

EX PARTE EMERGENCY MOTION TO RESTORE DEBTOR
TO POSSESSION OF REAL PROPERTY [L.B.R. 9075-1(a)]

"actions taken" against the property of the debtor and against property of the estate?") *See also, In re Jumpp*, 356 B.R. 789, 2006 Bankr. LEXIS 3504, 2006 WL 3802702 (B.A.P. 1st Cir.2006); *In re Hollingsworth*, 359 B.R. 813, 2006 Bankr. LEXIS 3765, 2006 WL 3890610 (Bankr. D. Utah 2006); *In re Pope*, 351 B.R. 14 (Bankr. D.R.I. 2006); *In re Murray*, 350 B.R. 408 (Bankr. S.D. Ohio 2006); *In re Brandon*, 349 B.R. 130 (Bankr. M.D.N.C. 2006); *In re Gillcrese*, 346 B.R. 373 (Bankr. W.D. Pa. 2006); *In re Williams*, 346 B.R. 361 (Bankr. E.D. Pa. 2006*); In re Harris*, 342 B.R. 274 (Bankr. N.D. Okla. 2006); *In re Moon*, 339 B.R. 668 (Bankr. N.D. Ohio 2006); In re Jones, 339 B.R. 360 (Bankr. E.D.N.C. 2006); *In re Johnson*, 335 B.R. 805 (Bankr. E.D. Tenn. 2006).

Section 362(a) differentiates between acts against the debtor, against property of the debtor and against property of the estate. *In re Jones*, 339 B.R. 360, 364 (N. Dist. Dak. 2006). Section 362(a)(1) stays actions or proceedings "against the debtor;" § 362(a)(2) stays enforcement of a judgment "against the debtor or against property of the estate;" § 362(a)(3) stays "any act to obtain possession of property of the estate or of property from the estate;" § 362(a)(4) stays "any act to create, perfect, or enforce any lien against property of the estate;" § 362(a)(5) stays "any act to create, perfect, or enforce against property of the debtor any lien" to the extent it secures a prepetition claim; and § 362(a)(6) stays "any act to collect, assess, or recover a claim against the debtor . . . ."

Section 362(c) also distinguishes between the stay of acts against "property of the estate" and the stay of any other acts. *See e.g., In Re Jones*, 339 B.R. at 364. Section 362(c)(1) provides that "the stay of an act against property of the estate under subsection (a) of this section continues until such property is no longer property of the estate," and § 362(c)(2) provides for the termination of the stay of "any other act" prohibited by § 362(a). (*Id.*) See also 11 USCS § 541 (outlining various aspects of the "Estate").

As stated by the Court in *In re Jones*:

> Section 521 of the Bankruptcy Code also distinguishes between property of the estate and property of the debtor. Section 521(a)(6) provides that the automatic stay is terminated "with respect to the personal property of the estate or of the debtor" if the debtor does not reaffirm or redeem property within 45 days after the

first meeting of creditors. **If Congress had intended that the automatic stay would terminate under § 362(c)(3)(A) as to property of the estate, it would have specifically said so**, as it did in § 521(a)(6).

*In re Jones*, 339 B.R. at 364 (emphasis added). The Court added:

> There are arguments that favor an interpretation that § 362(c)(3)(A) terminates all of the protections of the stay under § 362(a), but they are not convincing. [Rather,] **it is abundantly clear from the plain language of § 362(c)(3)(A) that the stay that terminates under that section is not the stay that protects property of the estate**.

(*Id.* at 364-65) (emphasis added); see also *In re Mortimore*, 2011 U.S. Dist. LEXIS 146423, (Dec. 11, 2011 D. N.J.), stating:

> However, since section 362(c)(3)(A) does not purport to terminate the stay as to estate property -- a concept defined by section 541(a), and which property is distinct from the debtor or the debtor's property -- the stay provisions imposed by sections 362(a)(3), (a)(4), and part of (a)(2), expressly protecting property of the estate, do not expire after thirty days.

(*Id.* at *9). The Court further explained:

> Clearly, a motion to continue the stay pursuant to § 362(c)(3)(B) need not be filed if the automatic stay does not terminate by operation of the statute. The issue, then, is whether the stay on the Property was subject to automatic termination under § 362(c)(3)(A).

(*Id.* at *8).

Because the Judgment in the underlying Unlawful Detainer Action was obtained within the first 30 days of the filing of the Petition, the Judgment is Void *ab initio*. The Writ was issued pursuant to a void judgment. No party had a right to evict Ms. Black. Again, Wells Fargo's Motion for Relief From Stay or For Order Confirming That The Automatic Stay Does Not Apply requested many forms of relief (see Response re Sanctions at 6, lines 16-20, outlining the Relief Sought and therefore Denied by Court Order dated 8/29/12), among them:

    a. An Order terminating the Automatic Stay (**See generally, Ex. B & p. 1**);

    b. An Order Stating That The Debtor Filed In Bad Faith and, Pursuant to 11. U.S.C. § 362(c), Terminating the Automatic Stay (**See Ex. B at 3-4**)

    c. *An Order Annulling the Automatic Stay to Enforce a Judgment in the Unlawful Detainer Action Obtained During the Automatic Stay, based alleged lack of knowledge of the Automatic Stay.* (**See Ex. B at 8-9**)

The Court denied this Motion on August 29, 2012, (Docket No. 12), including the request for an order annulling the Automatic Stay with respect to the Unlawful Detainer Action. Absent that Order, only two days into Automatic Stay, the Judgment was obtained – but it is Void, as is the Writ, and the property should be in Ms. Black's possession; her right to possession is "property of the estate." The Automatic Stay per Section 362(a) has always been in place with respect to Property of the Estate. The Stay was violated, the Estate has been disturbed, and the Court should place Ms. Black back in the property.

    2. <u>The Debtor Did Not File In Bad faith</u>

This case is not your typical landlord tenant dispute where the evicted tenant seeks to extend her unlawful stay on the landlord's property. Rather, here, the foreclosure of Debtor's property was contrary to Due Process in that required Notice of the Trustee Sale, which was never sent, by Wells Fargo. More importantly, the underlying Note purportedly giving Wells Fargo the right to foreclose was never signed by the Debtor. A quiet title action is being prosecuted in state Court by the Debtor's counsel. In addition, the Debtor is disabled, and would have extinguished the prior case, as it had never developed beyond its initial states. Debtor submits that this issue need not be decided for the Court to act on this Motion. Should the Court find that this is a material issue, despite the arguments set forth above, we request leave to supplement this Motion on that multi-faceted issue.

B. <u>Wells Fargo Waived Strict Compliance With Section 362</u>

Wells Fargo waived the right to stand on the claimed 30-day limitation to the Automatic Stay. Implied waiver is generally found where a creditor takes some action which is inherently inconsistent with adherence to the time constraints of section 362 and Bankruptcy Rule 4001(a)(2). See, e.g., *Borg-Warner Acceptance Corp. v. Hall*, 685 F.2d 1306, 1308 (11th Cir. 1982) (implied waiver where creditor not only failed to object to the absence of preliminary hearing but also attended the final hearing beyond 30 day period without objection); *In re*

**EX PARTE EMERGENCY MOTION TO RESTORE DEBTOR
TO POSSESSION OF REAL PROPERTY [L.B.R. 9075-1(a)]**

*McNeely*, 51 Bankr. 816, 821 (Bankr.D.Utah 1985) (implied waiver where creditor failed to schedule final hearing within 30 day period); *In re Small*, 38 Bankr. 143, 147 (Bankr. D. Md. 1984) (implied waiver of 30 day requirement where creditor filed discovery request to which responses were due beyond the 30 day period); *In re Wilmette Partners*, 34 Bankr. 958, 961 (Bankr.N.D.Ill. 1983) (implied waiver where creditor agreed to continuance of preliminary hearing beyond 30 day time period). A waiver was also found in *In re SeSide Company, Ltd.*, 155 B.R. 112 (E.D.Pa. 1993), where, at the final hearing, the creditor agreed to a briefing schedule extending beyond the thirty (30) day period. The court predicated its finding of implicit waiver specifically on the fact that the creditor affirmatively agreed to the suggested briefing schedule at the final hearing.

In each of these cases, the creditor's own actions were clearly inconsistent with an intention on his part to insist on his rights under Section 362, thereby impliedly waiving those rights.

By failing to object to a 34-day hearing schedule on the Motion filed on June 14, 2012, and by agreeing to a continuance of the hearing on July 17, 2012 (which was already beyond the 30-day period) resulting in a hearing on July 31, 2012, Wells Fargo clearly took action that was "inherently inconsistent with adherence to the time constraints of section 362[,]" and this Court should find that Wells Fargo waived any right to stand on strict compliance with the purported termination after 30 days

## CONCLUSION

For all the foregoing reasons, Debtor respectfully requests that the Court grant this Motion in full and adopt the Findings of Fact and Conclusions of Law submitted as part of the Proposed Relief.

LAW OFFICES OF STEPHEN R. GOLDEN & ASSOCIATES

Date: November 1, 2012.

*[signature]*

Thomas P. Friedman, Esq.
Daniel D. Stevens, Esq.
Attorneys for Debtor

15

EX PARTE EMERGENCY MOTION TO RESTORE DEBTOR
TO POSSESSION OF REAL PROPERTY [L.B.R. 9075-1(a)]